Electronically Filed - St Charles County - Circuit Court - August 08, 2012 - 03:06 PM CDT

IN THE CIRCUIT COURT FOR ST. CHARLES COUNTY
11TH JUDICIAL DISTRICT
STATE OF MISSOURI

| | |
|---|---|
| CINDY WOOTEN | ) |
| Plaintiff, | ) |
| v. | ) Case No. _____ |
| LEADING EDGE RECOVERY SOLUTIONS, L.L.C., | ) |
| Defendant. | ) |
| Serve at:<br>National Corporate Research, Ltd.<br>222 East Dunklin, Suite 102<br>Jefferson City, MO 65101 | )<br>)<br>)<br>) **JURY TRIAL DEMANDED** |

### INTRA-STATE CLASS ACTION PETITION

COMES NOW, Plaintiff, Cindy Wooten, and for her Class Action Petition states as follows:

### INTRODUCTION

1.  Plaintiff demands a jury trial on all issues so triable.

2.  This is an action for damages brought by an individual consumer on behalf of herself and all other consumers located in Missouri and similarly situated for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and for Defendant's violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

### JURISDICTION

3.  This Court has jurisdiction of the FDCPA claim under 15 USC 1692k(d).

4.  This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

1

Electronically Filed - St Charles County - Circuit Court - August 08, 2012 - 03:06 PM CDT

## PARTIES

5. Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

6. Plaintiff Cindy Wooten maintains and pays monthly charges for a personal cellular telephone with a telephone number ending with 9193.

7. Defendant is an Illinois corporation with its principal place of business in Chicago, Illinois. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a(6)*.

## FACTS

9. Beginning in or about September, 2011, Defendant began to undertake collection activity against Plaintiffs on a consumer debt.

10. Plaintiff is unable to determine the validity of the debt due to Defendant's failure to validate the same.

11. The debt arose out of personal, family, and household purchases that Plaintiff made.

12. Defendant's collection activity consisted of several telephone calls that Defendant placed to Plaintiff's cellular phone from at least September, 2011 for at least several months thereafter.

2

13. Defendant would typically call Plaintiff from its number of 888-306-9058.

14. Defendant's employee "Renell Wanser" was typically the person who would leave messages on Plaintiff's voice mail on behalf of Defendant.

15. Upon information and belief, Defendant has used numerous of its other numbers to call Plaintiff's cellular phone, including numbers that are blocked and anonymous.

16. Accordingly, Plaintiff cannot be certain of the precise number of calls Defendant made to her cellular phone but believes the total number of unwarranted calls exceeds ten calls.

17. Plaintiff incurred charges Defendant's calls where Defendant left a voice message.

18. Defendant typically left the following message for Plaintiff: "This is Renell Wanser calling about a business matter, please call me back at 888-306-9058."

19. Defendant left one such message for Plaintiff on approximately November 1, 2011.

20. Defendant always used an automatic telephone dialing system to call Plaintiff's cellular phone.

21. Defendant's automatic telephone dialing system has the capacity to store, generate, and call telephone numbers and that system does in fact store Plaintiff's cellular phone number.

22. Defendant knows or should know that it is calling Plaintiff on her cell phone.

23. Plaintiff never provided consent to Defendant to be contacted on her cell phone.

24. Plaintiff never provided consent to any party related to or involved with the debt to being called on her cellular phone with an autodialer such as Defendant's.

25. To the best of Plaintiff's recollection, she never agreed to any arbitration or class waiver provisions (either with her original creditor or any other party) that could apply to any of her claims against Defendant.

26. Defendant's above described conduct caused Plaintiff to suffer monetary loss in at least the amount of her cellular charges.

## CLASS ALLEGATIONS

27. Upon information and belief, it is Defendant's routine practice to violate the FDCPA by leaving telephone messages without identifying itself as a debt collector.

28. Upon information and belief, it is Defendant's routine practice to violate the TCPA by using an automatic dialer to call consumers' cellular phones without the consumers' express consent in non-emergency situations wherein the consumer is charged for the call.

29. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The two-part class consists of the following persons:

    a. Part one (the "FDCPA class"): all consumers with a Missouri postal address with whom Leading Edge left a telephone message in an attempt to collect a debt where the original

Electronically Filed - St Charles County - Circuit Court - August 08, 2012 - 03:06 PM CDT

creditor was Capital One during the one-year period beginning before the filing of the original complaint and ending on the date of class certification in which Leading Edge did not include in the message: (a) its name; (b) that it was a debt collector; or (c) that the purpose of the call was to collect a debt;

b. Part two (the "TCPA class"): all consumers with a Missouri postal address to whom Leading Edge placed any call using an automatic telephone dialing system where the original creditor was Capital One and where the consumer did not expressly consent to Leading Edge calling the consumer's cellular telephone during the four year period beginning before the filing of the original complaint and ending on the date of class certification.

30. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant is a high volume debt collector that attempts to collect many thousands of consumer debts throughout the United States.

31. Upon information and belief, Defendant has engaged in the improper collection communications and telephone calls described above with thousands of consumers.

32. Plaintiff is a member of the class she seeks to represent.

33. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

5

34. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent him from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

35. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection and telephone contact by the Defendant.

36. Most, if not all, the facts needed to determine damages are obtainable from the Defendant's records.

37. The purposes of the FDCPA and the TCPA will be best effectuated by a class action.

38. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

39. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

40. Many, if not all, class members are unaware that claims exist against the Defendant. There will be no unusual difficulty in the management of this action as a class action.

41. Five common questions of law and fact predominate over all individual questions in this action. The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant has sought to collect from class members constitute "consumer debt" under the FDCPA; (3) whether Defendant identified itself as a debt collector when leaving messages for class members; (4) whether Defendant used an autodialer to contact class members' cellular phones; and (5) whether Defendant's autodialed calls were authorized by the class members for a non-emergency purpose.

42. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

43. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

44. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

### COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

46. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a. Causing charges to be made to Plaintiff for communications by concealment of the true purpose of the communication. 15 USC 1692f.

b. Failure to identify itself as a debt collector during a telephone call and failure to state that the purpose of the call was a debt collection attempt. 15 USC 1692d-e.

WHEREFORE, Plaintiff respectfully requests that the Court certify the above-proposed FDCPA class, appoint the undersigned as class counsel, and also requests that judgment be entered against Defendant for:

A. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

B. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

47. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

48. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a. By placing several non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully requests that the Court certify the above-proposed TCPA class, appoint the undersigned as class counsel, and also requests that judgment be entered against Defendant for:

A. Statutory damages pursuant to 47 USC (b)(3); and

8

Electronically Filed - St Charles County - Circuit Court - August 08, 2012 - 03:06 PM CDT

B.     For such other relief as the Court may deem just and proper.

**EASON & VOYTAS, LLC**

<u>**/s/ James W. Eason**</u>
**RICHARD A. VOYTAS, JR. #52046**
**JAMES W. EASON, #57112**
**Eason & Voytas, LLC**
**1 North Taylor Avenue**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1066**
**Fax:    (314) 667-3161**

9